New England Petroleum v. Knox       CV-92-438-B    01/21/94
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


New England Petroleum
Distributors, Inc.

     v.                                     Civil No. 92-438-B


Bruce Knox, William Ferns
and Ferns Energy

                          O R D E R


     New England Petroleum Distributors, Inc. ("NEPD") entered

into a contract with Bruce Knox in 1989, pursuant to which Knox

agreed to purchase and sell specified quantities of Sunoco

gasoline.  In this action, NEPD alleges that William Ferns and

his company, Ferns Energy, interfered with that contract.  In

order to prove its claim, NEPD must establish that:  (1) it had a

contract with Knox, (2) defendants knew of the contract, (3)

defendants induced Knox to breach the contract, and (4) NEPD

suffered damages as a result of the breach.  See Emery v.

Merrimack Valley Wood Products, Inc., 701 F.2d 985, 988 (1st Cir.

1983); see also Montrone v. Maxfield, 122 N.H. 724, 726, 449 A.2d

1216, 1217 (1982).  Defendants move for summary judgment on the

grounds that NEPD has failed to produce sufficient evidence to

permit a reasonable finder of fact to conclude that the second

and third elements of NEPD's claims have been proved.  For the reasons that follow, I grant the motion as to Ferns, but deny it as to Ferns Energy.

## FACTS

NEPD and Ferns Energy are competitors in the business of supplying gasoline to independently owned gas stations in New Hampshire.  NEPD distributes Sunoco gasoline and Ferns Energy distributes gasoline for several companies, including Texaco.

In November 1982, NEPD entered into a long-term supply contract with Bruce Knox, the owner of a gas station located in Conway, New Hampshire.  The contract provided for an initial term of six years and automatic yearly renewal thereafter unless either party terminated the contract.  In May 1989, Knox entered into a second supply contract with NEPD for an additional ten-year term.  Pursuant to the new contract, NEPD loaned Knox $25,000 to make improvements to his station.  NEPD also replaced Knox's older pumps with new blending pumps, installed a perimeter sign for the advertisement of gasoline prices and provided Knox with paint to paint his garage roof Sunoco blue.

Ferns Energy began its efforts to sign Knox to a supply contract in 1989.  In the spring of that year, Knox had several

discussions with Andy Penaskovic, a gasoline sales manager for Ferns Energy. Knox also met briefly with Ferns. After being assured by Knox that his contract with NEPD had ended, Penaskovic signed Knox to a supply contract with Ferns Energy in March 1989. However, before the contract went into effect, Knox repudiated it. Penaskovic visited Knox's station periodically thereafter to determine whether he had changed his mind about doing business with Ferns Energy. During one such visit in March 1992, Knox told Penaskovic to draw up a contract. Knox later signed a supply contract with Ferns Energy to sell Texaco gasoline. As a result, on April 22, 1992, Ferns Energy replaced the pumps and canopy at Knox's station and removed the Sunoco sign.

On April 24, 1992, Paul Welch, the President of NEPD, telephoned Ferns to complain that Ferns Energy was interfering with NEPD's contract with Knox. Ferns told Welch that he thought that Knox had completed his contract with NEPD. Welch informed Ferns that Knox had signed a supply contract with NEPD in 1989 that was still in effect. He also told Ferns that NEPD had advanced Knox a large sum of money under the contract.

Both Penaskovic and Ferns claim that they first learned of NEPD's second supply contract when Welch informed Ferns of the contract during the April 24, 1992 telephone conversation. By

4

that time, they contend, it was too late to do anything about the situation because Ferns Energy had already committed itself to a supply contract with Knox.  Penaskovic claims that he never asked Knox about his contract with NEPD again after Knox told him in 1989 that the contract had expired.  He further claims that he did not notice that Knox had made improvements to his station after 1989.  Accordingly, Ferns Energy argues that Penaskovic had no reason to suspect that Knox had entered into a new supply contract with NEPD in 1989.

## DISCUSSION[1]

NEPD has produced virtually no evidence to counter Ferns'

---

[1]**In ruling on this motion for summary judgment, I am guided by the following standards.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The burden is upon the moving party to establish the lack of a genuine, material, factual issue, Finn v. Consolidated Rail Corp., 782 F.2d 13, 15 (1st Cir. 1986), and the court must view the record in the light most favorable to the non-movant, according the non-movant all beneficial inferences discernable from the evidence, Oliver v. Digital Equipment Corp., 846 F.2d 103, 105 (1st Cir. 1988).  If a motion for summary judgment is properly supported, the burden shifts to the non-movant to show that a genuine issue exists.  Donovan v. Agnew, 712 F.2d 1509, 1516 (1st Cir. 1983).**

5

testimony that he had no knowledge of Knox's contract with NEPD when he authorized Penaskovic to sign a supply contract with Knox in 1992. While it is generally inappropriate to grant summary judgment where the issue on which the motion is based concerns a defendant's mental state, this is not so where "the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." LeBlanc v. Great American Insurance Co., 6 F.3d 836, 842 (1st Cir. 1993) (quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). In this case, NEPD relies on pure speculation to support its claim that Ferns had prior knowledge of Knox's contract with NEPD. Accordingly, I grant the motion insofar as it applies to Ferns.

NEPD's claim against Ferns Energy is marginally stronger than its claim against Ferns. NEPD has produced evidence that Knox made substantial improvements to the station in 1989 and that Penaskovic would be bound to notice such improvements during his periodic visits to Knox's station. Moreover, given the nature of the improvements and Penaskovic's knowledge of the fact that Knox expected his supplier to loan him the money needed to make such improvements, NEPD has produced substantial circumstantial evidence calling into question Penaskovic's claim

6

that he was unaware of Knox's contract with NEPD. Construing this evidence in the light most favorable to NEPD, I am not prepared to conclude that the record is so deficient that no reasonable finder of fact could find that Penaskovic knew of contract between Knox and NEPD. Similarly, given Penaskovic's repeated visits to Knox's station to attempt to solicit his business, NEPD has produced enough evidence suggesting that Penaskovic induced Knox to breach his contract with NEPD to permit the claim against Ferns Energy to proceed to trial. Accordingly, I deny the motion for summary judgment as it applies to Ferns Energy.

    SO ORDERED.


                              _____
                              Paul Barbadoro
                              United States District Judge

January 21, 1994

cc:  John F. Teague, Esq.
     Peter Cowan, Esq.
     John D. Clifford, IV, Esq.
     David Broughel, Esq.
     Timothy Vaughan, Esq.